FIDELITY & CASUALTY COMPANY OF NEW YORK, Plaintiff, *v.* DENNIS A. PRYZGODA et al., Defendants.

Supreme Court, Special Term, New York County, January 28, 1943.

*Robert H. Spelman* for plaintiff.

*Frank E. Lammers* for defendants.

WALTER, J. What appears to be clerical carelessness plus equally careless supervision here gives rise to a question of a kind to delight metaphysical minds. Summons and complaint are both headed " Supreme Court of the State of New York, County of Westchester," but on the summons there appear, opposite the box containing the names of the parties, the additional words " Plaintiff designates New York County as the place of trial." Plaintiff now moves in New York county to change the venue from Westchester to New York, and at the same time also moves here for judgment against a defendant in default and a severance as to another defendant who has answered, and that defendant opposes both motions upon the ground that as the action is pending in Westchester county no motion therein can be made in New York county.

Civil Practice Act, section 255, provides that the *complaint* shall name the county which the plaintiff designates as the place of trial. Civil Practice Act, section 218, provides that rules may be made respecting the requisites and form of a summons, and rule 45 of the Rules of Civil Practice provides that the *summons* shall state the county which the plaintiff designates as the place of trial. In what county, then, is this action pending? If there have been other prior proceedings in either county, considerable difficulty might be presented. As there appear to have been no prior proceedings, however, I see no reason why effect cannot be given to the words on the summons expressly designating New York county as the place of trial, and the action treated as pending here.

The motion to change venue is accordingly dismissed as unnecessary, and the motion for judgment and severance is granted. Settle order.